UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA R. M.,<br><br>   Petitioner,<br><br>  v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>   Respondents. | No. 1:25-cv-01912-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Petitioner Martha R.M.'s[1] ("Petitioner") Ex-Parte Motion for a Temporary Restraining Order ("TRO"). (ECF No. 7.) For the reasons set forth below, Petitioner's Motion is GRANTED.

**I.** **FACTUAL AND PROCEDURAL BACKGROUND**

Petitioner is a 51-year-old native and citizen of Mexico who has lived in the United States since February 14, 1998. (ECF No. 6 ¶¶ 15, 20.) She and her husband operate their own

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf. The Clerk of Court is directed to update the docket to reflect this change accordingly.

1    business, which employs dozens of people, and Petitioner has an approved employment
2    authorization through March 11, 2029.  (ECF No. 6 ¶ 25; ECF No. 7-2 at 7.)  Petitioner has three
3    children all of whom are United States citizens.  (ECF No. 6 ¶ 25.)  Petitioner also has seven
4    siblings in the United States all of whom are either United States citizens or lawful permanent
5    residents.  (ECF No. 6 ¶ 25.)  Petitioner has no criminal history.  (*Id.* ¶ 26.)

6    Petitioner entered the United States without inspection more than twenty-five years ago
7    and has not left the country since.  (*Id.* ¶ 20; ECF No. 7-1 at 7.)  On October 27, 2022, Petitioner
8    and her husband filed applications for Adjustment of Status to become lawful permanent residents
9    under 8 U.S.C. § 1255(i).  (ECF No. 7-1 at 7.)  On October 28, 2025, U.S. Citizenship and
10   Immigration Services ("USCIS") issued notices to Petitioner and her husband scheduling them to
11   appear for an interview for their applications for Adjustment of Status on December 2, 2025 at the
12   USCIS San Francisco Field Office.  (*Id.* at 8; ECF No. 7-2 at 3.)  Petitioner, her husband, and
13   their attorney attended the interview.  (ECF No. 7-1 at 8.)  At the end of the interview, Petitioner
14   and her husband were arrested by Immigration and Custody Enforcement ("ICE") agents.  (*Id.*)
15   Their applications for Adjustment of Status remain pending.  (*Id.*)

16   At the time of their arrest or shortly thereafter, ICE agents prepared a warrant for
17   Petitioner's arrest.  (ECF No. 7-2 at 8.)  The warrant indicated there was "probable cause" to
18   believe Petitioner was removable from the United States based in part upon the "pendency of
19   ongoing removal proceedings against" Petitioner.  (*Id.*)  Petitioner represents there were no
20   removal proceedings pending at the time the warrant was executed.  (ECF No. 6 ¶ 23.)  Instead,
21   Petitioner states the removal proceedings were not initiated until December 15, 2025 — thirteen
22   days after Petitioner was detained.  (*Id.*)

23   On December 17, 2025, an immigration judge denied Petitioner bond in light of the
24   government's new interpretation of § 1225(b)(2)(A) and *Matter of Yajure Hurtado*, 29 I&N Dec.
25   216 (BIA 2025).  (ECF No. 7-2 at 10–11.)

26   Petitioner remains in custody at the California City Correctional Facility in California
27   City, California.  (ECF No. 7-1 at 8.)  Since Petitioner's detention, she has been separated from
28   her three children and her eldest, aged nineteen, has been responsible for the care of his younger

2

siblings and the management of the family business.  (ECF No. 7-3 ¶ 5.)  Petitioner now challenges the constitutionality of her detention and seeks immediate release.  (ECF No. 7.)

## II. STANDARD OF LAW

For a TRO, courts consider whether a petitioner has established: "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Petitioner must "make a showing on all four prongs" of the *Winter* test.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  In evaluating a petitioner's motion, a district court may weigh petitioner's showings on the *Winter* elements using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the hardships may support issuing a TRO even where the petitioner shows that there are "serious questions on the merits . . . so long as the [petitioner] also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.*  Simply put, a petitioner must demonstrate, "that [if] serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor in order to succeed in a request for a TRO.  *Id.* at 1134–35.

## III. ANALYSIS[2]

### A. Likelihood of Success on the Merits

Petitioner has established a likelihood of success on her claim that she is unlawfully detained under 8 U.S.C. § 1225(b)(2) ("§ 1225(b)(2)").[3]  Section 1225(b)(2) mandates detention during removal proceedings for applicants "seeking admission" and does not provide for a bond

---

[2]  The Court finds Petitioner has met the requirements for issuing a temporary restraining order without notice.  *See* Fed. R. Civ. P. 65(b).  Petitioner has filed the requisite affidavits and notified Respondents via email on December 22, 2025 that she would be filing the motion.  (ECF No. 7-3 ¶ 6.)  *See R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *3 (E.D. Cal. Sept. 9, 2025) (similarly finding requirements for TRO were met without notice); *Pinchi v. Noem*, No. 25-cv-05632-RML, 2025 WL 1853763, at *4 (N.D. Cal. July 4, 2025) (same).

[3]  As such, the Court does not address Petitioner's separate argument that her arrest at her adjustment interview was a violation of the INA.  (ECF No. 7-1 at 9.)

1  hearing. Whereas 8 U.S.C. § 1226(a) ("§ 1226(a)") "provides the general process for arresting
2  and detaining [noncitizens] who are present in the United States and eligible for removal."
3  *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the
4  Government has broad discretion whether to release or detain the individual. *Id.* Further, §
5  1226(a) provides several layers of review for an initial custody determination. *Id.* It also confers
6  "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by
7  counsel and to present evidence, the right to appeal, and the right to seek a new hearing when
8  circumstances materially change." *Id.* at 1202.
9       Petitioner claims the text, context, legislative and statutory history of the INA all
10 demonstrate that 8 U.S.C. § 1226(a) governs her detention — not 8 U.S.C. § 1225. (ECF No. 7-1
11 at 11.) The Court agrees. As this Court has found repeatedly, Section 1225(b)(2) applies only to
12 noncitizens "seeking admission" — a category that does not include noncitizens like Petitioner
13 who have lived within the United States for over twenty-five years. *See Morales-Flores v. Lyons*,
14 No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining
15 this Court's reasons for taking this position). Absent a higher court order holding otherwise, this
16 Court finds Petitioner is not an applicant "seeking admission" subject to mandatory detention
17 under § 1225(b)(2). Petitioner is instead subject to § 1226(a) and is therefore entitled to the
18 process that statute requires, including a bond hearing at a minimum. Accordingly, Petitioner is
19 likely to succeed on the merits of her claim that Respondents have violated the INA and
20 improperly subjected her to mandatory detention without a hearing.
21       B.    Irreparable Harm
22       Petitioner has also established she will suffer irreparable harm in the absence of a TRO.
23 The Ninth Circuit recognizes "irreparable harms imposed on anyone subject to immigration
24 detention," including "the economic burdens imposed on detainees and their families as a result
25 of detention[.]" *Hernandez*, 872 F.3d at 995. Such harm is present here. Petitioner is currently
26 separated from her family, including her three children. Her eldest, nineteen-years-old, is caring
27 for his siblings while also running the family business in Petitioner's absence. This factor is met.
28 ///

4

C.  Balance of Equities and Public Interest

As to the final two *Winter* factors, "[w]hen the government is a party, the analysis of the balance of the hardships and the public interest merge." *Nat'l Urban League v. Ross*, 484 F. Supp. 3d 802, 807 (N.D. Cal. 2020) (citing *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014)).  The Court finds these factors also favor Petitioner.  First, the balance of equities tips decidedly in Petitioner's favor as the Government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).  Second, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres*, 695 F.3d at 1002. Moreover, "the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Diaz v. Kaiser*, No. 3:25-CV-05071, 2025 WL 1676854, at *3 (N.D. Cal. June 14, 2025) (internal citation omitted).

In sum, these last two factors weigh in Petitioner's favor.  Therefore, the Court GRANTS Petitioner's Motion for a TRO.  (ECF No. 7.)

**IV.  CONCLUSION**

Accordingly, IT IS HEREBY ORDERED:

1. Petitioner's Motion for a Temporary Restraining Order (ECF No. 7) is GRANTED.
2. Respondents must IMMEDIATELY RELEASE Petitioner Martha R. M. from custody. Respondents shall not impose any additional restrictions on her, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation/custody hearing before a neutral decisionmaker, where the Government shall bear the burden of proving by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk, and Petitioner shall be allowed to have her counsel present.
4. Respondents are ORDERED TO SHOW CAUSE why this Court should not issue a preliminary injunction continuing this order.  Respondents shall file responsive papers by

5

**Tuesday, December 30, 2025**. Petitioner may file a reply, if any, by **Monday, January 5, 2026**. **The parties shall indicate in their briefing whether they waive hearing**. Fed. R. Civ. P. 65(b)(3). The Court will consider any stipulation and proposed order filed by the parties if they agree to a less demanding briefing schedule.

5. Petitioner is ORDERED to immediately serve this Temporary Restraining Order and Order to Show Cause on Respondents at usacae.ecf2241-imm@usdoj.gov. Petitioner shall file proof of such service no later than **9 a.m. on December 24, 2025.**

6. Respondents are hereby notified of their right to apply to the Court for modification or dissolution of the Temporary Restraining Order on two days' notice or such shorter notice as the Court may allow. Fed. R. Civ. P. 65(b)(4).

7. The bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this one. *See Diaz v. Brewer*, 656 F.3d 1008, 1015 (9th Cir. 2011).

8. The Clerk of Court is DIRECTED to update the docket to only list Petitioner's first name and last initial.

IT IS SO ORDERED.

Date: December 23, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE